# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2025

Lyle W. Cayce
Clerk

No. 24-30379
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Destane Glass,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-108-8

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Destane Glass pleaded guilty under 18 U.S.C. § 1349 to conspiracy to commit wire fraud in furtherance of falsifying Paycheck Protection Program and Economic Injury Disaster Loan applications and receiving benefits based on the fraudulent applications. The district court sentenced Glass to 37 months in prison and a three-year term of supervised release. At sentencing,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the district court added three levels to Glass's offense level pursuant to U.S.S.G. § 3B1.1(b) because she was a manager or supervisor in a criminal activity that involved five or more participants or was otherwise extensive. Her sole issue on appeal challenges the sufficiency of the evidence supporting application of the § 3B1.1(b) enhancement.

The district court's determination that a defendant is a manager or supervisor pursuant to § 3B1.1(b) is a factual finding that we typically review for clear error. *United States v. Akins*, 746 F.3d 590, 609 (5th Cir. 2014). As she concedes, Glass did not preserve her argument that there is insufficient evidence to support the § 3B1.1(b) enhancement, so our review is for plain error. *See United States v. Benitez*, 809 F.3d 243, 248 (5th Cir. 2015); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

"When making factual findings for sentencing purposes, a district court may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (quotation omitted). The factual basis for Glass's plea, the presentence report, and the testimony of an FBI Special Agent at sentencing all support the district court's application of the § 3B1.1(b) enhancement. The district court's finding that Glass was a manager or supervisor for purposes of the § 3B1.1(b) role enhancement was not plainly erroneous. *See Benitez*, 809 F.3d at 249; *Puckett*, 556 U.S. at 135.

AFFIRMED.